BLACK HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16790. Promulgated May 14, 1929.

*Kenneth N. Parkinson, Esq., Frank K. Nebeker, Esq.* and *Walter G. Moyle, Esq.*, for the petitioner.

*Bruce A. Low, Esq.*, and *George S. Herr, Esq.*, for the respondent.

OPINION.

MARQUETTE: This case presents the single issue of whether the expenditures made by the petitioner in the fiscal year ended June 30, 1920, as set forth in the findings of fact, should be allowed as deductions from gross income or capitalized. Stated in another way, were they ordinary and necessary expenses of carrying on the petitioner's business, or capital expenditures? The petitioner contends that the expenditures were made for repairs to its building; that they did not prolong the life of the building or increase its value, and that they should, therefore, be considered as ordinary and necessary business expenses. The respondent urges that they were for betterments and improvements and should be added to the petitioner's capital investment.

The allocation of expenditures of the kind under consideration, as between capital and current expense accounts, often presents more difficulties in practice than in theory, for the reason that the line between repairs and maintenances, and betterments and improvements, is shadowy and indistinct. However, we are satisfied that the expenditures in question should be capitalized. It appears to be clearly established by the evidence that they did not prolong the life of the petitioner's building, and there is testimony to the effect that they did not increase its value, although it seems unreasonable that a

building so located as to be free from the menace of storms and floods is not more valuable than the same building, or the same kind of building, not so favorably situated. However, conceding that they did not prolong the life of the building, and assuming that they did not increase its value, they nevertheless were for alterations which were, as we conceive them, permanent betterments and improvements that rendered the building better suited to the purpose for which it was used. As the Supreme Court of the United States said in *Illinois Central R. R. Co.* v. *Interstate Commerce Commission*, 206 U. S. 441:

> It would seem as if expenditures for additions to construction and equipment, as expenditures for original construction and equipment, should be reimbursed by all of the traffic they accommodate during the period of their duration, and that improvements that will last many years should not be charged wholly against the revenue of a single year.
>
> \*       \*       \*       \*       \*       \*       \*
>
> We think it is clear that instrumentalities which are to be used for years should not be paid for by the revenues of a day or year; and this is the principle of returns upon capital which exists in durable shape.

The respondent's determination is approved.

*Judgment will be entered for the respondent.*